**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LONNIE GLENN SCHMIDT,** | : | |
| **Petitioner** | : | **Civil Action No. 06-1168(RBW)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. MARSHALS SERVICE,** | : | |
| **Respondent** | : | |

**UNITED STATES' MOTION TO TRANSFER**
**PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court to transfer petitioner's pro se petition for a writ of habeas corpus to the United States District Court for the Northern District of Texas.  In support of this motion, the United States submits the following:

**ARGUMENT**

On June 21, 2006, the petitioner mailed his petition for a writ of habeas corpus to the United States District Court for the District of Columbia. The petitioner challenges his continued detention and alleges that he was arrested in California without probable cause, that he has never been arraigned or advised of the charges against him, and that he was transported to Texas without an extradition hearing.[1] The petitioner acknowledges, however, that, at the time he filed his petition, he was incarcerated at the Seagoville Federal Correctional Institution in Seagoville,

---

[1] An almost identical habeas petition was filed by the petitioner on March 14, 2006. The Honorable Ellen Huvelle transferred the petition to the United States District Court for the Northern District of Texas on March 16, 2006. Lonnie Glenn Schmidt v. Dan Joslin, Warden, Civ. Action No. 06-00484 (ESH). The United States District Court for the Northern District of Texas dismissed this petition on May 31, 2006. See Exhibit A (Docket Entries and Orders in Civil Action No. 06-00731).

Texas.  <u>See</u> Petitioner's petition at p. 4. The government has verified with the Federal Bureau of Prisons that the petitioner is incarcerated at the Seagoville Federal Correctional Institution in Seagoville, Texas, which is located within the jurisdiction of the Northern District of Texas.

Accordingly, since the petitioner is presently confined in the Seagoville Federal Correctional Institution in Seagoville, Texas, and is not incarcerated in the District of Columbia, the petitioner's habeas petition cannot be considered by this Court, because this Court lacks personal jurisdiction over the "person having custody of the person detained," as required by 28 U.S.C. § 2243.  <u>See</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004) (the proper respondent in a federal habeas action challenging present physical custody is the warden of the facility where the petitioner is being held); <u>Glascoe v. U.S. Parole Commission</u>, 2004 WL 2857284 at *1 (D.C. Cir. December 14, 2004) (per curiam) (only proper respondent in habeas case is the warden of facility in which petitioner was incarcerated when he filed his petition); <u>Stokes v. U.S. Parole Comm'n</u>, 374 F.3d 1235, 1239 (D.C. Cir.) (district court may not entertain a habeas petition unless respondent custodian, the warden of the facility in which petitioner is incarcerated at the time of the filing of his petition, is within its territorial jurisdiction), <u>cert. denied</u>, 543 U.S. 975 (2004); <u>Blair-Bey v. Quick</u>, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (the appropriate respondent in a habeas action is the warden of the prisoner who is the prisoner's custodian, not the United States Parole Commission); <u>In re Tripati</u>, 836 F.2d 1406, 1407 (D.C. Cir 1988) ("A habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 810 (D.C. Cir. 1988) (<u>en</u> <u>banc</u>) ("It is also well settled that the appropriate respondent in a habeas action is the custodian of the prisoner"); <u>Guerra v. Meese</u>, 786 F.2d 414, 415 (D.C. Cir 1986) ("A district court may not entertain a habeas

corpus action unless it has personal jurisdiction over the custodian of the prisoner").

Accordingly, this Court should transfer the petitioner's petition to the United States District Court for the Northern District of Texas, after giving the petitioner notice of the proposed action and an opportunity to be heard on the issue. See Chatman-Bey v. Thornburgh, supra, 864 F.2d at 814 (prior to transfer, the court should provide a habeas petitioner "with notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

## CONCLUSION

Wherefore, for the above stated reasons, the petitioner's petition should be transferred to the United States District Court for the Northern District of Texas, after giving the petitioner notice of the proposed transfer and an opportunity to respond.

A proposed order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058


\_\_\_\_\_/s/_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078


\_\_\_\_\_/s/_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the instant motion has been electronically filed with the Court and served by mail, upon the petitioner, Lonnie Glenn Schmidt, Fed. Reg. No. 3909-097, FCI Seagoville, Federal Correctional Institution, P.O. Box 9000, Seagoville, Texas 75159, this 24th day of July, 2006.


\_\_\_\_\_/s/_____
Sherri L. Berthrong
Assistant United States Attorney

-4-