# **EXHIBIT A**

Case 1:06-cv-01168-RBW    Document 3-3    Filed 07/24/2006    Page 1 of 9

CASREF, CLOSED, ECF, HABEAS, KAPLAN, PROSE

# U.S. District Court
## Northern District of Texas (Dallas)
### CIVIL DOCKET FOR CASE #: 3:06-cv-00731

Schmidt v. Joslin
Assigned to: Judge Jane J Boyle
Referred to: Magistrate Judge Jeff Kaplan
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 04/21/2006
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

Lonnie Glenn Schmidt          represented by   Lonnie Glenn Schmidt
                                               BOP No 03909-097
                                               FCI Seagoville
                                               PO Box 9000
                                               Seagoville, TX 75159-9000
                                               PRO SE

V.

**Respondent**

Dan Joslin

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2006 | 4 | PETITION for Writ of Habeas Corpus filed by Lonnie Glenn Schmidt. (bss, ) (Entered: 04/21/2006) |
| 03/16/2006 | 1 | ORDER: Case is transferred to the U.S. District Court of the Northern District of Texas. Signed by Judge Ellen S. Huvelle on 3/16/06. (bss, ) Modified on 4/21/2006 (bss, ). (Entered: 04/21/2006) |
| 04/21/2006 | 2 | Order Designating Case for ECF - see order for specifics. (Signed by Judge Jane J Boyle on 04/21/06) (bss, ) (Entered: 04/21/2006) |
| 04/21/2006 | 3 | STANDING ORDER FOR ELECTRONIC FILINGS RELATED TO MATTERS REFERRED TO THE UNITED STATES MAGISTRATE JUDGE. (Signed by Judge Jeff Kaplan on 04/21/06) (bss, ) (Entered: 04/21/2006) |
| 04/26/2006 | 5 | ORDER...On April 25, 2006, the Court received a letter and Amended Petition for Writ of HabeasCorpus from Petitioner via facsimile. The Court issues this Order to inform Petitioner documentsmay not be submitted via facsimile. Petitioner must file his documents with the Clerk's Office beforethe Court will consider them. Petitioner is directed to refrain from faxing any further documents tothe Court. (Signed by Judge Jane J Boyle on 4/26/06) (svc, ) (Entered: 04/26/2006) |

| | | |
|---|---|---|
| 05/01/2006 | 6 | Amended PETITION for Writ of Habeas Corpus filed by Lonnie Glenn Schmidt. (mfw, ) (Entered: 05/01/2006) |
| 05/08/2006 | 7 | FINDINGS AND RECOMMENDATION of the United States Magistrate Judge: Petitioner's "amended" application for writ of habeas corpus should be summarily denied. (Signed by Judge Jeff Kaplan on 05/08/06) (bss, ) (Entered: 05/08/2006) |
| 05/10/2006 | 8 | Supplemental Document by Lonnie Glenn Schmidt as to 4 Petition for Writ of Habeas Corpus. (bss, ) (Entered: 05/10/2006) |
| 05/22/2006 | 9 | Objection to Findings and Recommendation of the United States Magistrate Judge filed by Lonnie Glenn Schmidt. (bss, ) (Entered: 05/22/2006) |
| 05/31/2006 | 10 | ORDER ACCEPTING 7 Findings and Recommendation of the Magistrate Judge. (Signed by Judge Jane J Boyle on 05/31/06) (bss, ) (Entered: 05/31/2006) |
| 05/31/2006 | 11 | JUDGMENT: It is ORDERED, ADJUDGED and DECREED that Petitioner's "amended" application for writ of habeas corpus is summarily denied. (Signed by Judge Jane J Boyle on 05/31/06) (bss, ) (Entered: 05/31/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/12/2006 14:11:50 | | | |
| PACER Login: | ux0832 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:06-cv-00731 |
| Billable Pages: | 1 | Cost: | 0.08 |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE GLEN SCHMIDT | § § | |
| Petitioner, | § § | |
| VS. | § | NO. 3-06-CV-0731-B |
| DAN JOSLIN, Warden, FCI-Seagoville | § § § § | |
| Respondent. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Lonnie Glen Schmidt, appearing *pro se*, has filed an "amended" application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be summarily denied.

I.

On January 23, 2003, petitioner was found in contempt of court by a federal district judge in the Northern District of Texas for failing to turn over assets to a court-appointed receiver and for failing to appear at a show cause hearing. The order of contempt provides, in pertinent part:

> Lonnie Glenn Schmidt shall be remanded into the custody of the United States Marshal and taken to the detainment facility located nearest to the Dallas Division of the United States District Court for the Northern District of Texas and there remain incarcerated until such time as he turns over to the Receiver the sum of $282,405 as required by the Order Re: Petition No. 14 or otherwise provides evidence of the disposition of such finds and insufficient assets to comply with Order Re: Petition No. 14.

*See SEC v. Resource Development Int'l, LLC*, No. 3-02-CV-0605-R, or. at 3-4 (N.D. Tex. Jan. 23, 2003). On July 7, 2005, more than two years after the contempt order was issued, petitioner was

arrested by United States marshals in Fresno, California. He was subsequently transported to a federal detention center in the Northern District of Texas where he remains today.

Shortly after his incarceration, petitioner filed an application for writ of habeas corpus challenging the validity of his arrest in another district, the authority of the judge to enforce his contempt order, and the denial of his constitutional rights to an arraignment and reasonable bail. That case was summarily dismissed as frivolous. *Schmidt v. Joslin*, No. 3-05-CV-1449-P (N.D. Tex. Jul. 29, 2005), *rec. adopted by* Order, 8/11/05. Dissatisfied with that decision, petitioner now files an "amended" application for writ of habeas corpus on the same grounds alleged in his first writ.

II.

The court initially observes that petitioner's claims are barred by *res judicata*. Under this doctrine, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Res judicata, or claim preclusion, is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *See Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

All four requirements are clearly met here. This is the second habeas case filed by petitioner challenging his incarceration for violating a court order requiring him to turnover receivership assets. The prior case was dismissed on the merits by a final judgment rendered by a court of competent jurisdiction. Petitioner asserts the same grounds for relief in both cases. Consequently, he is barred from relitigating his claims in this action. *See Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205,

2209, 60 L.Ed.2d 767 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

### III.

Even if petitioner was not procedurally barred from bringing this action, his claims fail on the merits. Fed. R. Civ. P. 4.1(b) provides:

> An order of civil commitment of a person held to be in contempt of a decree or injunction issued to enforce the laws of the United States may be served and enforced in any district. Other orders in civil contempt proceedings shall be served in the state in which the court issuing the order to be enforced is located or elsewhere within the United States if not more than 100 miles from the place at which the order to be enforced was issued.

FED. R. CIV. P. 4.1(b). Petitioner was arrested by United States marshals pursuant to an order holding him in contempt of court and remanding him to custody until he turns over certain assets or proves a present inability to do so. Because the underlying case involves alleged violations of federal securities laws, the contempt order was issued to "enforce the laws of the United States" and can be enforced in any district. *See SEC v. Resource Development Int'l, LLC*, 86 Fed.Appx. 14, 2003 WL 23021933 (5th Cir. Dec. 23, 2003). Nor is petitioner entitled to an arraignment or reasonable bond.[1] In order to obtain his release from custody, petitioner must purge himself of contempt by delivering $282,405 to the receiver or by proving his present inability to comply with the court order. *See United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983). Petitioner's claims should be summarily dismissed as frivolous.

---

[1] Petitioner acknowledges that he appeared before a federal magistrate judge in the Eastern District of California upon his arrest in that district. (*See* Hab. Pet. at 4, ¶ 7).

## RECOMMENDATION

Petitioner's "amended" application for writ of habeas corpus should be summarily denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 8, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE GLEN SCHMIDT | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0731-B |
| DAN JOSLIN, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 3 1 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

## ORDER

After conducting a review of the pleadings, files and records in this case, and the Findings and Recommendation of the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1), I am of the opinion that the Findings and Recommendation of the Magistrate Judge are correct and they are hereby accepted as the Findings of the Court.

SO ORDERED this 31st day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 31 2006
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| LONNIE GLEN SCHMIDT | § | |
| Petitioner, | § § | |
| VS. | § § | |
| DAN JOSLIN, Warden, FCI-Seagoville | § § § | NO. 3-06-CV-0731-B |
| Respondent. | § § | |

## JUDGMENT

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is ORDERED, ADJUDGED and DECREED that:

1. Petitioner's "amended" application for writ of habeas corpus is summarily denied.

2. The Clerk shall transmit a true copy of this Judgment and the Order adopting the Findings and Recommendation of the United States Magistrate Judge to Petitioner.

SIGNED this 31st day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE