UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | Case No. 06-1168 (RBW) |
|     Lonnie Glenn Schmidt, | ) | |
| | ) | PETITIONER'S AMENDED |
|     Petitioner, | ) | OPPOSITION TO UNITED STATES' |
| vs. | ) | MOTION TO TRANSFER PETITIONER'S |
| | ) | PETITION FOR WRIT OF HABEAS |
| U.S. MARSHALS SERVICE, | ) | CORPUS; NOTICE FELONY |
| John F. Clark, Director | ) | |
| | ) | This Court has jurisdiction pursuant to: |
|     Respondent. | ) | 28 U.S.C. §§ 1651, 1652 and |
| | ) | 2241(a), (c)(1), (2) and (3). |

RECEIVED
AUG - 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PETITIONER'S AMENDED OPPOSITION TO UNITED STATES'
MOTION TO TRANSFER PETITIONER'S PETITION FOR
WRIT OF HABEAS CORPUS; NOTICE FELONY**

To the Honorable Reggie B. Walton, United States District Judge:

On July 24, 2006, Respondent filed a motion challenging this court's jurisdiction to consider Petitioner's Habeas Corpus petition.

On July 25, 2006, Petitioner, Lonnie Glenn Schmidt, responded in opposition, prior to receiving notice by the court that Petitioner may reply by August 8, 2006. Docket #4 Order.

This court can and should properly hear Petitioner's habeas petition and Petitioner now amends Opposition of July 25, 2006, restating and including additional reason this court must take cognizance of said petition as set forth as follows, to wit:

1. Petitioner's petition first notices this court that it enjoys jurisdiction as an Article III established and ordained court of the United States pursuant to Article 1 § 9 of the Constitution of the United States, under the common law. See Petition, p. 1-2.

2. Petitioner second invokes jurisdiction of International Treaty; Article VII of the Universal Declaration of Human Rights, U.N. Res. 217 A (III) and the

1

        International Covenant on Civil and Political Rights, U.N. Res 2200 (XXI) AND Ratification thereof by the U.S. Senate.  See <u>Petition</u>, p. 2.

3.     Petitioner <u>third</u> invokes this court's habeas authority under 28 U.S.C. §§ 1651, 1652.  See <u>Petition</u>, p. 1-2.

4.     Petitioner <u>fourth</u> invokes Congress' grant of statutory authority under 28 U.S.C. § 2241(a), (c)(1), (2) and (3).  See <u>Petition</u> p. 1-2.

Respondent argues want of jurisdiction only on the basis of statutory authority, paragraph 4, supra.

## ARGUMENT

Petitioner requests this court take judicial notice of settled law that the Constitution of the United States (Article I, § 9 prohibiting the suspension of habeas corpus) and International treaty <u>trump</u> Congressional statutory scheme when One of the People allege violation of a Constitutional right; Petitioner's right to be secure in his Person and be afforded due process of law under the Fourth and Fifth Amendments.  See <u>Petition</u>, p. 2.

In reply to Respondent's "Argument", Petitioner requests this court take judicial notice of Petitioner's application re "Jurisdiction" pages 1-2 whereat the issue of jurisdiction is settled; Supreme Court in *Braden*, 93 S.Ct. at 1131, where petitioner's absence from district does not present obstacle to consideration of claim when respondent resides in district.  And judicial notice is requested that respondent is less than forthright inciting to *Rumsfeld v. Padilla*, 24 S.Ct. 2711 (2004) as authority inasmuch as said case holds that proper respondent is petitioner's warden <u>or</u> immediate custodian.

Petitioner's immediate custodian <u>is</u> the United States Marshal service <u>not</u> the Bureau of Prisons, see Application Exhibit A, letter from warden.

Further, Petitioner attaches Bureau of Prison's Regional response as Exhibit B attached hereto affirming United States Marshal service, as custodian and therefore, proper Respondent.

Petitioner is confident this court considered its jurisdiction prior to ordering respondent to reply. Respondent, with sufficient time for due diligence, has failed to controvert or rebut Petitioner's sworn evidentiary facts that no arrest warrant is in evidence, no Act of Congress authorizes Petitioner's detention, 18 U.S.C. § 4001(a) is a bar to detention and Petitioner is unlawfully and illegally detained.

Petitioner requests this court take judicial notice of 28 U.S.C. § 2241(a) whereat Congress designated the courts of the United States authorized to consider a habeas corpus petition as those "district courts" constituted (established) by chapter 5 of Title 28 U.S.C. i.e., those courts established subsequent to enactment of Title 28 U.S.C., June 25, 1948 (e.g. District of Columbia § 88, Hawaii § 91, Puerto Rico § 119), see 28 U.S.C. § 451, "district court" defined; the United States District Courts located within forty-nine states on the Continent being established <u>prior</u> to June 25, 1948 the effective date of Title 28, <u>not</u> being so designated.

Judicial notice is requested that the United States District Court for the Northern District of Texas (USDC, NDT) was <u>not</u> constituted pursuant in 1879 under authority of 9 Stat. 1, 1845 derived from the Judiciary Act of 1789, 1 Stat. 9. There appears to be <u>no</u> statutory authority to be found in the legislative history of USDC NDT to consider a habeas corpus petition, Congress reserving such habeas authority (28 U.S.C. § 2241) to the <u>only</u> Article III court established and ordained — on the North American Continent — the United States District Court for the District of Columbia, this honorable court.

Petitioner requests this court take judicial notice of Petitioner's June 9, 2006 letter to Respondent John F. Clark, Director, U.S. Marshal Service, attached hereto and incorporated

3

herein as if fully set forth at length as Exhibit C, wherein Petitioner documents violations of Petitioner's rights and Petitioner's efforts to obtain administrative remedy; to no avail — Respondent has failed to reply thereto.

There being no lawful or legal authority for Petitioner's arrest, transport across state boundaries and detention by the United States, the government cannot prevail under any circumstances and at some point in time Petitioner's complaint will be heard — when the dust settles — and Petitioner will be found to be kidnapped under color of law, in violation of Petitioner's Fourth and Fifth Amendment rights and this court, should it not now act in favor of Petitoner's petition by proceeding to the merits thereof, will be in the position of explaining its failure to act and why it should not be found in violation of 18 U.S.C. §§ 3 and 4 for prejudice of Petitioner.

Therefore, in order for this court to transfer Petitioner's habeas petition to the USDC NDT, this court must find that: the Constitution of the United States and International (Treaty) are laws subject to the Congressional statutory scheme and are of no effect; there exists a statute authorizing transfer; there exists a statute authorizing transfer; that venue is not proper in this court for want of the Respondent residing in this district; that Petitioner is not in custody of the U.S. Marshal Service; that Petitioner's rights as One of the People under the Constitution and Treaties are not violated; and that Petitioner is not entitled to common law remedy of habeas corpus.

### PRAYER FOR RELIEF

Petitioner prays this court exercise its jurisdiction, deny respondents' motion and order the writ be issued to result in Petitioner's unconditional release from custody forthwith.

///

## **NOTICE FELONY**

Petitioner hereby gives this honorable court <u>actual</u> notice of felony observed while Petitioner has been thirteen (13) months in custody of the United States as set forth in Petitioner's two page letter dated July 4, 2006 addressed to the People of the United States, attached hereto and incorporated herein as if fully set forth at length, as Exhibit D, wherein Petitioner alleges fraud by the United States District Courts — arresting, prosecuting and imprisoning citizens absent Constitutional or Congressional authority.

A more in depth treatment of the allegation of fraud by the federal judiciary (excepting this honorable court) in the United States District Courts, may be found in "Rules, Lies and Alibis©" at www.Fighting4Freedom.com/SOS.

This honorable court now has the opportunity to avoid conclusion of misprision of felony (18 U.S.C. § 4) by bringing the allegation of fraud, as referenced supra, to the attention of Congress for consideration of appointment of independent counsel to investigate said allegations (28 U.S.C. § 592) inasmuch as the Attorney General of the United States, present and past, have been involved in the illegal prosecutions brought in the United States District Courts in the fifty states, since at least 1937 and their recusal is required (28 U.S.C § 591(e)(1)).

In the spirit of full disclosure and anticipation of this court's support of the Constitution of the United States by prompt attention to this matter, Petitioner notices this court that these allegations of judicial fraud have been brought to the attention of two United Nations diplomats (one a Senior diplomat and advisor to the U.N. Security Council), and one Justice of the International Court of Justice.

Therefore and otherwise, being so <u>noticed</u>, please conduct yourself accordingly.

///

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPLE; NOTICE TO THE PRINCIPLE IS NOTICE TO THE AGENT.

Respectfully submitted,

One of the People

Dated: August 4, 2006

*/s/ Lonnie Schmidt*
Lonnie Glenn Schmidt, Petitioner
03909097
Seagoville, FDC
2113 N. Hwy 175
P.O. Box 9000
Seagoville, TX 75159

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Sworn to and subscribed this 4th day of August, 2006.

*/s/ Lonnie Schmidt*
Lonnie Glenn Schmidt

## CERTIFICATE OF SERVICE

I, Denise V. Reese, do hereby declare under penalty of perjury, that I am a citizen of the United States, over the age of 18 and not party to the action, and that I filed the original of the above **PETITIONER'S AMENDED OPPOSITION TO UNITED STATES' MOTION TO TRANSFER PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS; NOTICE FELONY**, Federal Express Number 8566 5190 8913 to the court listed below this the 4th day of August, 2006 and mailed a true copy with postage fully paid and affixed thereto, to attorney for Respondent.

Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530

Executed this 4th day of August, 2006, at Rancho Cordova, California.

_____
Denise V. Reese