UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| LONNIE GLENN SCHMIDT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06-1168 (RBW) |
| | ) | |
| U.S. MARSHALS SERVICE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER**

On June 26, 2006, the petitioner filed a Petition for Writ of Habeas Corpus ("Pet.") with this Court. Specifically, the petitioner claims that he is being illegally detained by the United States Marshals Service at the Seagoville Federal Detention Center in Seagoville, Texas. Pet. ¶ 9. On July 24, 2006, in response to the petition, the respondent filed a Motion to Transfer Petitioner's Petition for Writ of Habeas Corpus ("Resp. Mot.").

In this case, the petitioner seeks relief under the federal habeas statute, 28 U.S.C. § 2241 (2000). Id. ¶ 1. It is well settled that the proper respondent in a habeas action is the petitioner's "immediate custodian." See Rumsfeld v. Padilla, 524 U.S. 426, 441-42 (2004); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Here, the petitioner is incarcerated at the Seagoville Federal Correctional Institution in Seagoville, Texas. Pet. ¶ 9. It is unclear, however, from the filings whether the petitioner is being detained by the warden at the Seagoville Federal Correctional Institution or the United States Marshal in that district. Compare Resp. Mot. At 2 ("petitioner is incarcerated at the Seagoville Federal Correctional Institution in Seagoville, Texas, which is located within the jurisdiction of the Northern District of Texas.") with Petitioner's

Amended Opposition to United States' Motion to Transfer, Ex. C ("I am in custody of R. Paul Ely, U.S. Marshal, Northern District of Texas . . . ."). Thus, this Court cannot definitively say who is the petitioner's "immediate custodian." At this stage of the litigation, however, the distinction is immaterial as the Court is compelled to transfer this case to the Northern District of Texas since both the warden of the Seagoville Federal Correctional Institution and the United States Marshal for the Northern District of Texas are both located in that District. Because this Court does not have personal jurisdiction over either the warden or the United States Marshal for the Northern District of Texas, the only proper course is to transfer the petition to the United States District Court for the Northern District of Texas, the district which can exercise jurisdiction over both the warden and the United States Marshal. See Dominguez v. Bureau of Prisons, 2006 WL 1445041 (D.D.C. May 25, 2006); United States v. Tinnen, 2005 WL 3508634 (D.D.C. Dec. 21, 2005); Marshall v. U.S. Parole Commission, 2005 WL 3213902 (D.D.C. Nov. 28, 2005). Accordingly, it is hereby this 17th day of August, 2006,

    **ORDERED** that this case shall be transferred to the Northern District of Texas.

    **SO ORDERED**.

                                                                     REGGIE B. WALTON
                                                               United States District Judge